UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:     DEBORAH R. MALLOY,     :     Chapter 7
: 
    Debtor     :     Bky. No. 14-17727 ELF

# O R D E R

   **AND NOW WHEREAS:**

A. On **April 13, 2015**, the Debtor filed a Motion to Avoid the Judicial Lien. (Doc. #'s 115, 119) ("the Motion").

B. In the Motion the Debtor requested that court avoid the judicial lien of Respondent J&V Developers, Inc. ("J&V") that encumbers her real property located at 4204 Upland Drive, Boothwyn, PA ("the Property").

C. The judicial lien arises from a judgment in the amount of **$63,486.05**, entered in the Court of Common Pleas, Delaware County on June 13, 2012, in No. 2008-051847.

D. J&V filed a response to the Motion (Doc. # 121) on **April 29, 2015**.

E. The court held an evidentiary hearing on the Motion on **May 13, 2015**.[1]

   \*   \*   \*   \*   \*   \*

F. The Debtor commenced this bankruptcy case on **September 25, 2015**.

---

[1] At the conclusion of the hearing, based on the parties' agreement, the court deferred a ruling on the Motion pending further developments in case administration. (Order dated May 13, 2015) (Doc. # 124). Essentially, the parties wanted to await further developments in the chapter 7 trustee's efforts to market the subject property in the hope that those developments might result in a settlement of the Motion. Following a status hearing in the matter held on **August 5, 2015**, the court, with the concurrence of the parties, determined that there was no reason to further defer a ruling on the Motion.

G.  As of the commencement of the case, the Debtor was the sole owner of the Property.[2]

H.  As of the commencement of the case,[3] the fair market value of the Property was **$230,000.00**.[4]

I.  As of the commencement of the case, the unpaid balance of the unavoidable mortgage on the Property held by Santander Bank, N.A. was **$199.402.02**.  (Ex. D-4).

J.  Pursuant to 11 U.S.C. §522(d)(1) and (5), the court has allowed the Debtor an exemption in the Property in the amount of **$22,975.00**.  (Order dated Jan. 21, 2015) (Doc. # 85).[5]

K.  Based on the foregoing, J&V's lien avoidable in part, but non-avoidable to the extent of

---

[2]    This fact is undisputed.  In her Schedule A, the Debtor described herself as "Owner" and added that "husband and wife live there."  (Doc. # 3).

[3]    The valuations made in connection with the allowance of a debtor's exemptions under 11 U.S.C. §522(b) and a debtor's right to avoid a judicial lien that impairs an exemption under 11 U.S.C. §522(f) are made as of the commencement of the bankruptcy case.  See In re Windfelder, 82 B.R. 367, 371-72 (Bankr. E.D. Pa. 1988); accord In re Wilding, 475 F.3d 428, 432 (1st Cir. 2007); In re Goswami, 304 B.R. 386, 391-92 (B.A.P. 9th Cir. 2003).

[4]    The Debtor purchased the Property on March 9, 2011 for $265,000, subject to a "seller assist" of $15,900.00, making for effective sales price of $249,100.00.  At the hearing, the Debtor offered her lay opinion testimony that the property was worth $220,000.00.  There was no other valuation evidence offered at the hearing except a reference to its current listing price (and I give little weight to that evidence).  Due to the Debtor's self-interest and courtroom demeanor, I have found her mostly, but not entirely, credible on this particular issue.

[5]    In her Amended Schedule C, (Doc. # 50), the Debtor claimed an exemption in the Property totaling more than $80,000.00.  The Trustee objected to the claimed exemption.  (Doc. # 60). After a hearing, the court sustained the Trustee's objection and allowed the exemption in a reduced amount by the January 21, 2015 order referenced above in the text.  The Debtor filed a notice of appeal of that order on February 3, 2015.  (Doc. # 91).

**$7,622.98**.[6]

*    *    *    *    *    *

It is therefore **ORDERED** that:

1. The Motion is **GRANTED IN PART and DENIED IN PART**.

2. Pursuant to 11 U.S.C. §522(f), the judicial lien ("the Lien") of J&V Developers, Inc. that arises from the judgment entered in the Court of Common Please, Delaware County on June 13, 2012, in No. 2008-051847 and that encumbers the Debtor's real property located at 4204 Upland Drive, Boothwyn, PA ("the Property") is **AVOIDED IN PART**.

3. The Lien is **AVOIDED** except to the extent of **$7,622.98.**

**Date: August 5, 2015**

         **ERIC L. FRANK**
         **CHIEF U.S. BANKRUPTCY JUDGE**

---

[6] My determination is based on the following calculation pursuant to 11 U.S.C. §522(f)(2)(A):

| | |
|---|---|
| value of the Property | $230,000.00 |
| (minus non-avoidable mortgage lien) | ($199.402.02) |
| (minus exemption claimed by Debtor) | ($ 22,975.00) |
| Non-exempt value of Debtor's interest in the Property | $ 7,622.98 |

See In re Coley, 437 B.R. 779, 786 & n.8 (Bankr. E.D. Pa. 2010).

I note that, consistent with the overwhelming weight of authority, I have not reduced the value of the Property for purposes of determining the avoidability of J&V's lien by the likely transaction costs in a private sale or other liquidation of the Property. See, e.g., Windfelder, 82 B.R. at 372; see also In re Wolmer, 494 B.R. 783, 784-85 (Bankr. D. Conn. 2013),