UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  DEBORAH R. MALLOY,  :  Chapter 7
 :
  Debtor  :  Bky. No.  14-17727 ELF

# O R D E R

**AND NOW**, upon consideration of the Debtor's Motion for Reconsideration of the Court's August 5, 2015 Lien Avoidance Order ("the Motion")  (Doc. # 136), it is hereby **ORDERED** that:

1. The Motion is **GRANTED IN PART and DENIED IN PART**.

2. The Motion is **GRANTED** insofar as it requests that the court correct clerical errors in the August 5, 2015 Order ("the Prior Order") (Doc. # 133).

3. The Prior Order is **AMENDED** to reflect that:

    a. the address of the subject property is **"4205"** Upland Drive, Boothwyn, PA 10961 (not **"4204"** Upland Drive).

    b. the date of the commencement of this bankruptcy case was **"September 25, 2014"** (not **"September 25, 2015"**).

4. In all other respects, the Motion is **DENIED**.[1]

---

[1] The Debtor also requested that the amount of the unavoided judicial lien, as determined by the Prior Order, be reduced by $1,225.00 – from $7,622.98 to $6,397.98. The Debtor bases this request on the fact that, in her motion to avoid lien, she stated her intention to apply her "wildcard" exemption of $1,225.00, (see 11 U.S.C. §522(d), to the subject property.  However, the Debtor overlooks the fact that, as a result of a contested matter, her exemption in the subject property was judicially determinedto be $22,975.00, i.e., the amount employed by the court in the Prior Order in calculating the amount of J&V Developers, Inc.'s unavoidable lien. (See Order dated Jan. 21, 2015) (Doc. # 85).  The order determining the extent of the Debtor's exemption in the subject property is on appeal and is not subject to modification by this court during the pendency of the appeal. See, e.g., In re  Mazzacone, 1995 WL 113110 (Bankr. E.D. Pa. Mar. 16, 1995) (collecting cases); see generally Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (generally, notice of appeal divests the lower court of jurisdiction of those

(continued...)

Date: **August 13, 2015**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**

---

        [1](...continued)
aspects of the case involved in the appeal).  Further, to the extent that, notwithstanding the pendency of
the appeal,  the Debtor may have the right to amend her exemptions at this late date, see Fed. R. Bankr. P.
 1009(a), but see In re Cudeyro, 213 B.R. 910 (Bankr. E.D. Pa. 1997), she has not actually done so.